UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 15-10112-RGS

UNITED STATES OF AMERICA

v.

RONALD P. MULCAHEY, and
WING ENVIRONMENTAL, INC.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO SUPPRESS
EVIDENCE SEIZED PURSUANT TO A WARRANT

December 17, 2015

STEARNS, D.J.

This motion seeks to suppress evidence found on computer hard drives seized from defendants' business premises under the authority of a warrant issued by Magistrate Judge Dein.  When evidence is seized pursuant to a warrant, the rules governing the disposition of a motion to suppress are straightforward.  A search warrant may issue on a showing of probable cause — something more than a suspicion, but something significantly less than proof beyond a reasonable doubt.  *See Safford v. Unified Sch. Dist. of Redding*, 557 U.S. 364, 370-371  (2009) (probable cause is a fluid concept taking its substantive content from the particular circumstances – "the best that can be said generally about the required knowledge component of probable cause . . . is that it raise a 'fair probability,' . . . or a 'substantial

chance,' . . . of discovering evidence of criminal activity."). Whether a challenged warrant issued on a sufficient showing of probable cause is a matter of law to be determined by the reviewing court. *Beck v. Ohio*, 379 U.S. 89, 96 (1964). In reviewing a finding of probable cause, the inquiry is confined to the four corners of the affidavit. *Illinois v. Gates*, 462 U.S. 213, 239 (1983); *United States v. Grant*, 218 F.3d 72, 75 (1st Cir. 2000). Because of the strong preference for the "informed and deliberate determinations of magistrates," *United States v. Lefkowitz*, 285 U.S. 452, 464 (1932), courts reviewing warrants "will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant.'" *Aguilar v. Texas*, 378 U.S. 108, 111 (1964). Where a search is conducted with a warrant, the burden falls to the defendant to prove that the search was unlawful; proof is by a preponderance of the evidence. *United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974).

Defendants contend that the warrant at issue in this case was defective in two respects. First, they argue that the warrant as drawn by Magistrate Judge Dein authorized only the seizure of the computers and their hard drives and not the search of their contents (thus requiring a second warrant). Second, they argue that, even if the warrant had authorized a search of the hard drives, in the wake of *Riley v. California*, 134 S.Ct. 2473 (2014), and its holding that "smart" phones, given the enormous amount of personal data they can store, are *sui generis* containers, Magistrate Judge Dein should have

laid out specific conditions limiting the scope of any off-site review of their contents.[1]

The first argument falls on an examination of the face of the warrant itself. The warrant clearly identifies the property to be searched (and seized) as "[a]ll computers . . . and computer storage devices . . . located at [defendants'' business address]."[2] The second argument has two faults. It fails to acknowledge the significance of the fact that *Riley* involved a *warrantless* search. The issue confronting the Court in *Riley* was whether officers had the right to search the contents of Riley's "smart" phone under the search incident to arrest exception to the Fourth Amendment. The answer was that they did not, but for reasons that have little to do with the *warranted* search of a computer.[3] In the second instance, the argument fails

---

[1] The off-site review and imaging of the contents of the hard drives authorized by Magistrate Judge Dein is permitted by Fed. R. Crim. P. 41(3)(2)(B).

[2] The warrant in its return instructions also refers specifically to the "inspection, preservation, and retrieval" of electronic evidence from the seized computer systems. *See* Warrant, Attachment - Procedures for Seizing Computers and Related Devices ¶ 2. There is no allegation that agents failed to complete the search of the seized computers' hard drives in an expeditious manner. *Compare United States v. Ganias,* 755 F.3d 125, 140 (2d Cir. 2014).

[3] In two consolidated cases, one from the California Court of Appeals and the other from the District of Massachusetts, the Supreme Court overruled precedent to the contrary, and held that cell phones (c0mputers) are indeed different when it comes to warrantless searches. *See Riley v. California*, 134 S.Ct. at 2489-2490. While agreeing that the seminal search-incident-to-arrest case, *United States v. Robinson*, 414 U.S. 218 (1973), and its "categorical rule strikes the appropriate balance in the context of physical objects, neither of its rationales [harm to the officers and destruction of

to identify exactly what the conditions limiting the search might have been or how they would be applied as a practical matter.

It is not that the desirability of conditions restricting the search of computers has not occurred to judges reviewing warrant like this one. Judge Kozinski, for one, has valiantly attempted to sketch out "guidance" for magistrates in cases where investigators seek to search massive quantities of electronically stored data. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1178-1180 (9th Cir. 2010) (*en banc*). His proposals, however, have largely been rejected. *See United States v. Mann*, 592 F.3d 779, 785 (7th Cir. 2010) (finding the attempt "efficient but overbroad"). In the opinion of the Massachusetts Supreme Judicial Court, "'[a]dvance approval for the particular methods to be used in the forensic examination of the computers and disks is not necessary. . . . Indeed, the judge or officer issuing the search warrant likely does not have the technical expertise to assess the propriety of a particular forensic analysis.'" *Preventive Med. Assocs., Inc. v. Commonwealth*, 465 Mass. 810, 830 (2013), quoting *Commonwealth v. McDermott*, 448 Mass. 750, 766 (2007); *see also United States v. Burgess*, 576 F.3d 1078, 1094 (10th Cir. 2009) (despite efforts to

---

evidence] has much force with respect to digital content on cell phones. . . . *Robinson* regarded any privacy interests retained by an individual after arrest as significantly diminished by the fact of the arrest itself. Cell phones, however, place vast quantities of personal information literally in the hands of individuals. A search of the information on a cell phone bears little resemblance to the type of brief physical search considered in *Robinson*." *Id.* at 2484-2485.

establish search protocols for computer drives to limit "overseizures," given the capacity of a computer to store and intermingle vast amounts of data, at bottom "there may be no practical substitute for actually looking in many (perhaps all) folders and sometimes at the documents contained within those folders"); *United States v. Richards*, 659 F.3d 527, 539-540 (6th Cir. 2011) (same); *United States v. Stabile*, 633 F.3d 214, 239-240 & n.13 (3d Cir. 2011) (same).

ORDER

Because neither of defendants" arguments has traction or support in the case law, the motion to suppress is <u>DENIED</u>.  The Clerk may now set the case for trial.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE